FILED

99 NOV 24 PM 2: 03

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

NOV 24 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | CV 97-L-1713-S |
| | ) | |
| vs. | ) | |
| | ) | |
| 1.837 ACRES OF LAND LOCATED IN TUSCALOOSA COUNTY, ALABAMA; JERRY ELLA JUNKIN, AS EXECUTRIX AND TRUSTEE OF THE H.S. MONTGOMERY ESTATE, et al., | ) ) ) ) | |
| | ) | |
| Defendants. | | |

RE: Tuscaloosa Tract No. 14

## MEMORANDUM OPINION

I.  Introduction

Currently pending before this court is an objection to the Report of Commissioners filed by defendant, Jerri Ella Junkin. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument,

the party's objections to the Report of Commissioners, as well as the court's findings and final judgment.

II. <u>Discussion and Findings</u>

    A.   Damages Awarded for the Permanent Easement

The Commissioners awarded $940 in the permanent pipeline easement. Defendant objects generally to the values awarded. The court however finds that defendant has failed to demonstrate any clear error on the part of the Commissioners, and, as such, the Commissioners' findings are approved and adopted as the findings of the court.

    B.   Amount Awarded for Temporary Easement

The Commissioners recommended that $136 was appropriate compensation for the temporary construction easement. The Commissioners' findings are approved and adopted as the findings of the court.

    C.   Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in this easement amounted to $3,855. The Commissioners' findings are approved and adopted as the findings of the Court.

    D.   Damage to the Remaining Property

The Commissioners recommended that landowners be awarded no compensation for damage caused by the pipeline outside of the

permanent easement. Defendant objects to this award claiming that the Commissioners disproportionately relied upon the evidence of plaintiff's witness and that defendant offered several witnesses who testified that the remaining property did suffer a loss of value. However, for remainder damages to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. The landowner has failed to meet this burden, and as such, the court finds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $4,931. Having concluded that no element of the Commissioners' award is clearly erroneous, the court approves and adopts the Report of Commissioners in whole. In view of the foregoing discussion, a separate judgment will be entered in the amount of $4,931 as just compensation in favor of the defendant.

DONE this 24th day of November 1999.

                                                                                          /s/ Seybourn H. Lynne
                                                                                           SENIOR JUDGE